IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jennifer Brown,<br><br>           Plaintiff,<br><br>vs.<br><br>BI-LO Grocery Store and South Eastern Grocers,<br><br>           Defendants. | C/A No. 3:20-cv-161-JFA<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is currently before the court on Defendants BI-LO Grocery Store and South Eastern Grocers'[1] motion for summary judgment. (ECF No. 11). Plaintiff Jennifer Brown failed to respond to the motion and the time for doing so has elapsed.[2] Thus, this matter is ripe for review.

I.      FACTUAL AND PROCEDURAL HISTORY

This is a premises liability action wherein Plaintiff alleges she suffered personal injuries after slipping and falling while in Defendants' grocery store. Specifically, Plaintiff avers water around a make-shift display holding collard greens caused her fall. Plaintiff was accompanied by Lisa Grate, her housekeeper, at the time of the fall.

---

[1] Defendants assert that the proper name of the entity operating the location where this incident occurred is BI-LO, LLC.

[2] The court would note that shortly after the deadline to respond had expired, Plaintiff's attorney indicated via a telephone conversation that he intended to respond to the motion for summary judgment and request leave to file this response out of time. However, to date, no such response or request has been filed.

Since this case was removed to federal court on January 16, 2020, Plaintiff has not noticed or taken any depositions, nor have Defendants received any discovery requests from the Plaintiff. Additionally, Plaintiff has not sought an amended scheduling order.

## II.   LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III.   ANALYSIS

In regard to premises liability actions such as this, the law in South Carolina is

well-settled. "To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Wintersteen v. Food Lion, Inc*., 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001)(citations omitted). "In the case of a foreign substance, the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall." *Id.* Thus, Plaintiff here must show that some agent of Defendants placed the water on the floor or had actual or constructive knowledge of the water and failed to take remedial action.

Here, Defendants contend that Plaintiff has failed to provide any evidence that Defendants placed the water on the floor or otherwise had knowledge of its presence. In support of this argument, Defendants offered deposition excerpts from both Plaintiff and Grate.

Plaintiff testified as follows:

Q: Okay. So you just know from overhearing that person that it was water, correct?
A: Correct.

Q: Okay. You don't know how long it was there or how it got to be there, do you?
A: No.

(ECF No. 11-1, p. 1).

Grate testified as follows:

3

Q: And where do you think that the water came from, or do you know where the water came from?
A: No, sir; I don't.

                            ***

Q: Going back to the scene of the accident, do you know how long the water had been on the floor?
A: No, sir.

(ECF No. 11-2, p. 1–2).

In a factually similar case, the South Carolina Court of Appeals has stated:

> Thus, while the liquid could have been on the floor for an extended period of time, it is just as possible that it had been on the floor for only moments before [plaintiff] fell. Based on the evidence presented at trial, it is apparent that any determination of how long the water had been on the floor would be pure speculation. [Plaintiff's] evidence, therefore, was insufficient to establish constructive notice.

*Wintersteen v. Food Lion, Inc.*, 336 S.C. 132, 136, 518 S.E.2d 828, 830 (Ct. App. 1999), *aff'd*, 344 S.C. 32, 542 S.E.2d 728 (2001).

Plaintiff has offered no evidence or argument to combat the above testimony and therefore any determination as to the source of water or length of time it existed on the floor prior to the fall would be pure speculation. Here, even when construing all the evidence presented in the light most favorable to Plaintiff, she has failed to present a genuine issue of material fact as to whether Defendants placed the water on the floor or had any knowledge, either actual or constructive, of its presence prior to the fall.

Thus, Defendants' motion must be granted. Consequently, the court need not address Defendants' alternate argument requesting summary judgment as to any claim for punitive damages.

## IV.   CONCLUSION

For all of the reasons stated above, Defendants' motion for summary judgment (ECF No. 11) is granted and this case is dismissed with prejudice.

IT IS SO ORDERED.

March 18, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge